ROBERT RUSSELL DREW
18 HAYFORD CT
NOVATO, CA 94949
TELE.: 848-218-2227
DREW3489@GMAIL.COM
PRO SE PLAINTIFF

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHEN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RUSSELL DREW, an Individual, ) ) | Case: 3:16-CV-00200-LB |
| Plaintiff, ) ) | |
| ) | Judge: Hon. Beeler |
| V. ) | |
| ) | **SAC** |
| Lexington Consumer Advocacy LLC, ) ) | |
| Defendant. ) | |
| _____) | |

### Nature of Action:
### FEDERAL CIVIL ACTION SEEKING DAMAGES

1. COMES NOW BEFORE THIS COURT, (PRO SE) Plaintiff, Robert Russell Drew, and for his Second Amended Complaint (SAC) states as follows.:

### Introduction

2. Comes now, Robert Russell Drew (Pro Se) Plaintiff, alleging multiple private rights of action claims IAW federal statute filing a second amended complaint as directed in the April 18 order from this court.

### Parties

2. The plaintiff in this case, Robert Russell Drew (a natural person under the law) resided at 18 Hayford court, Novato, CA, 94949 at the time(s) of of the alleged incident(s); Plaintiff has since relocated to 340 Channing Way apt 158, San Rafael CA, 94903.

3. The Defendant Lexington Consumer Advocacy LLC, (an incorporated business) who's primary place of business is 109 East 17th ST, Suite 410, Cheyenne WY.

## JURISDICTION

4. This court has jurisdiction in the above stated complaint as it arises due to known violations of Federal law, and state laws anchored within the federal question due to pendent jurisdiction, and in accordance with current practice, the jurisdiction of federal district court as an elected option is authorized.

## Venue

5. This venue (District Court, San Francisco northern div) is appropriate as the plaintiff, during the times of all the alleged violations of law resided w/in its scope of authority.

## Intra-district Assignment

6. This lawsuit should be assigned to the San Francisco Division of this court because a substantial part of events that gave rise to this suit occurred in Marin County.

## Factual Allegations

7. On 09 Nov 2015 the defendant Lexington Consumer advocacy LLC contacted the cellular phone via text message (848-218-2227) using the number (303-622-3264). The content of said text message was as follows.: "If you are sick of losing your whole check to payday advance fees every week, call 3036223264 and get back on your feet fast."

8. Shortly after receiving said text message, plaintiff dialed the number 303-622-3264 to inquire as to why he was receiving said message.  Plaintiff, *inter alia* was provided a website and verbal details from the un-named telephone representative reporting the originator of said text message to be Lexington Consumer Advocacy.  The website provided, www.lcadvocacy.com  also reported Lexington Consumer Advocacy to be its owner under its ToS and privacy statement.

9. The same day, plaintiff sent a cease and desist/demand letter to the businesses registered agent. Inter alia, asking for their internal do-not-call policy and to stop contacting said plaintiff.

10. No response was ever received from the defendant.

11. Plaintiff filed small claims case directly related to these alleged violations on 30 NOV 2015. Case was subsequently dismissed w/o prejudice by the plaintiff, to proceed with this issue at a federal level.

12.  After the above referenced small claim case was filed, on 02 DEC 2015. Plaintiff was again contacted by defendant via text message, using the number (210)871-9116. The content of said message being,: " Imagine how much extra Christmas 17091[sic] you have if you let us help you get rid of your payday loans! Call 2108719116, the info is free!".

13.  Defendant again contacted the plaintiff on 16 Dec 2015 using the number 475-329-1921 via text message. Content of said text message being, "Struggling to get ahead but your cash advances holding you back? We can make them go away... call 4753291921 for info.".

14.  Subsequently defendant once again contacted plaintiff on 04 Jan 2016, using the number 308-217- 1439 via text message. Content of said text message being, "Start the new year with no payday debt. We can make your loans disappear. Call 3082171439 for information today.".

15.  Again, defendant contacted Plaintiff on 08 Jan 2016 using the text message short code 887-94, content being "Do you want to Legally Get Rid of your Payday Loans? If you want them to stop Taking Money from your Bank Account? Call 561-948-2615...{SIC}".

16.  Again, defendant contacted Plaintiff on 08 Jan 2016 using the text message short code 887-94, content being "Are Payday Loans draining your Paycheck? Is it hard to break the Payday Loan Cycle? Call 561-353-5588...{SIC}".

17.  At all times relevant to this proceeding, the plaintiffs cellular number (848-218-2227) has been and continues to be listed as an active number on the national Do-Not-Call registry.

### Count I – Violation of 47 U.S.C 227 et SEQ
### Telephone Consumer Protection Act

18. The foregoing paragraphs 1 – 17 are incorporated herein by reference.

19. The defendant, Lexington Consumer Advocacy LLC negligently and/or willfully contacted Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (―TCPA), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation.

   B. The TCPA was designed to prevent calls and text messages like the ones described above, and to protect the privacy of citizens. ―Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA. Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012). In enacting the TCPA,

   C. Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that ―[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. In support of his,

Congress found that [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion. Id. at § 12; see also Martin v. Leading Edge Recovery Solutions.

20. The defendant contacted the plaintiff using a telephone dialing system, with no prior business relationship. Even after supplying information to alert the defendant that calls were unwanted, defendant continued; and continued even after suit was filed against defendant and as such the plaintiff was dialed without consent, and with no permissible reason to make said calls.

## COUNT II

### 47 CFR 64.1200 §64.1200

21. The foregoing paragraphs 1 – 17 are incorporated herein by reference.

22. No person or entity may contact:

    a. To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

    b. A person will not be liable for violating the prohibition in paragraph (a) of this section when the call is placed to a wireless number that has been ported from wire-line service and such call is a voice call; not knowingly made to a wireless number; and made within 15 days of the porting of the number from wire-line to wireless service, provided the number is not already on the national do-not-call-registry or caller's company-specific do-not-call list.

    c. Initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraph (a) through  (b) of this section, other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made by or on behalf of a tax-exempt nonprofit organization, or a call that delivers a "health care" message made by, or on behalf of, a "covered entity" or its "business associate," as those terms are defined in the HIPAA Privacy Rule, 45 CFR 160.103.

## COUNT III
### Injunctive Relief

23.  The foregoing paragraphs are incorporated herein by reference.

24.  The TCPA specifically provides a private right of action in court to obtain an injunction to prevent further violations of the TCPA.

## PRAYER FOR RELIEF

25. The foregoing paragraphs are incorporated herein by reference.

26. Defendant's conduct violated 47 U.S.C 227 et SEQ, Telephone Consumer Protection Act.

27. Defendant's conduct violated 47 CFR 64.1200.

28.  Injunctive Relief is warranted under the proceeding actions.

**WHEREFORE**, the Plaintiff having set forth their claims for relief against the Defendant respectfully prays of the Court as follows:

A. Plaintiff requests an Order declaring the Defendant guilty; and awarding Plaintiff damages of $6,500.00 pursuant to 47 U.S.C 227 et SEQ (6 counts contacting a cellular telephone number, 6 counts not stating name and or address during said call, 1 count failure to comply by not supplying copy of companies internal do not call policy.)

B. Plaintiff requests an Order declaring the Defendant guilty; and awarding Plaintiff damages of $3,000.00 pursuant to 47 CFR 64.1200 (6 counts contacting a number on the national do not call list)

C. A permanent injunction, enjoining Defendant from further violating the telephone consumer protection act.

D. That the Plaintiff shall have such other and further relief as the Court may deem just and proper.

Humbly Requested and Respectfully Submitted

*///SIGNED///*
*ROBERT RUSSELL DREW*

_____
ROBERT RUSSELL DREW
(PRO SE) plaintiff
340 Channing Way
Apt 158
San Rafael, CA.94903
Email: Drew3489@gmail.com

///NOTHING FOLLOWS///